Moncure, P.,
delivered the opinion of the court in McPherson’s case.
*940 The court, without deciding any of the questions presented by the first and second bills of exceptions, is opinion, in regard to the question presented by the third bill of exceptions, that the hustings court of the Manchester erred in overruling the motion of the defendant in that court, the plaintiff in error, to set aside the verdict, because the same was contrary to the law and the evidence, and grant a new trial. It appears from the certificate of the facts which were proved upon the trial that Rowena McPherson, with whom George Stewart is alleged to have intermarried, is not a negro; and therefore the said marriage is not on that acconut illegal. It appears from said certificate, among other things, “that her father was a white man; that her mother was also by a white man, out of a brown skin woman; that Washington Goode, the half-uncle of the said Rowena -McPherson, testified that the said brown skin woman, who was his grandmother, and the great-grandmother of said Rowena McPherson, told him that she was a half-Indian; and that his mother, her daughter, also told him the same.” It thus appears that less than one-fourth of her blood is negro blood. If it be but one drop less, she is not a negro. Besides having certainly derived at least three-fourths of her blood from the white race, she derived a portion of the residue from her great-grandmother, who was a brown skin woman, and, of course, not a full-blooded African .or negro, whose skin is black, and never brown. It was said in the family that the said brown skin woman was a half-Indian—a fact which is confirmed by the color of her skin. If any part of the said residue of her blood, however small, was derived from any other source than the African or negro race, then Rowena McPherson cannot be a negro.
*941 The court is therefore of opinion that the judgment of the said hustings court is erroneous; and it is considered that the same be reversed and annulled, that the verdict of the jury be set aside, and that the cause be remanded to the said hustings court for a new trial to be had therein, in conformity with the foregoing opinion.
Which is ordered to be certified to the said hustings court of the city of Manchester.
Christian, Staples and Burks, Js., concurred in the opinion.
In Stewart’s case the opinion and judgment was the same.
Judgments reversed.